CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Luis Villegas


Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants
Best California Gas, Ltd.,
Platinum Springs, LLC and
Horizon Investment Group, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Luis Villegas**, | Case No. 2:18-cv-01777-GW (FFMx) |
| Plaintiff, | **Joint Report (Rule 26) for Scheduling Conference** |
| v. | |
| **Best California Gas, Ltd.**, a California Limited Partnership; **Platinum Springs, LLC**, a California Limited Liability Company; **Horizon Investment Group, Inc.**, a Nevada Corporation; and Does 1-10, | Date:       June 19, 2018<br>Time:       8:30 a. m.<br>Crtrm:      9D<br><br>Honorable Judge George H. Wu |
| Defendants. | |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Order Setting Scheduling Conference filed April 25, 2018 and the May 22, 2018 Minute Order Regarding Case Transfer, the parties hereby submit the following Rule 26 Joint Report.

## I.    Brief Factual Summary of the Case and Claims Being Asserted

Plaintiff: Luis Villegas is a paraplegic who cannot walk and who uses a wheelchair for mobility. Defendants Best California Gas, Ltd. and Platinum Springs, LLC own the real property located at or about 10808 Lakewood Blvd., Downey, California. Defendant Horizon Investment Group, Inc. owns the Arco Gas Station ("Gas Station") located at or about 10808 Lakewood Blvd., Downey, California.

Some wheelchair users, including plaintiff, travel onto the site from the exterior public sidewalks, and there is no safe wheelchair accessible route of travel from the boundary of the site to the accessible entrance. The public sidewalks terminate after entering the boundary of the property and there is no safe path of travel after that point. The plaintiff is forced to travel in the vehicular drive paths to gain access to store at the Gas Station. Even though plaintiff did not personally confront the barrier, the plumbing underneath the sink was not wrapped to protect against burning contact.

Defendants' failure to provide for an accessible path of travel and restroom facilities at the Gas Station is a violation of the ADA and is discriminatory against the plaintiff. Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and statutory minimum damage award under the Unruh Civil Rights Act.

Defendants: Best California Gas, Ltd. owns the real property commonly known as 10808 Lakewood Blvd., Downey, California.  The ARCO-branded

2

service station at the real property is operated by Horizon Investment Group, Inc.   Platinum Springs, LLC does not own or lease the real property, nor operate any business at the real property.   Defendants contend that applicable law does not require a marked path of travel from the public sidewalk to the convenience store at this site.   Defendants lack sufficient information as to whether any ADA violations (if there were any) resulted in any "difficulty, discomfort or embarrassment" to Plaintiff (a perquisite for statutory damages under Plaintiff's state law claim).

## II.   Complexity

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

## III.   Motions Schedule

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case.

<u>Defendants</u>: No specific motions are planned at this juncture, although this could change based upon, inter alia, fact development during discovery.

## IV.   Settlement

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before a neutral selected from the Court's Mediation Panel—should be utilized in this case.

//
//

3

**V.      Trial Estimate**

The parties anticipate a 2-3 day trial. The parties propose that the Final Pretrial Conference be set for July 29, 2019 and the Trial date be set for August 13, 2019.

**VI.      Additional Parties**

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendants</u>: presently have no plans to file any cross-claims.

**VII.      Expert Witnesses**

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A.      Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by or on May 25, 2018.

**B.      Discovery**

<u>Plaintiff</u>: intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible path of travel and restroom facilities at the Gas Station; (3) reasonable modifications to the property (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for

4

Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants</u>: Defendants intend to seek, via written discovery and depositions, discovery regarding Plaintiff, Plaintiff's visit(s) to the service station, as well as all other issues relevant to their defense.

The parties do not propose to conduct discovery in phases. The parties proposed discovery cut-off dates are set forth in the tables below.

## C.    Electronic Discovery

<u>Plaintiff</u>: Plaintiff hereby requests that, as part of initial disclosures, Defendants produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendants have an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendants</u>: According to the station operator (defendant Horizon Investment Group, Inc.), video footage for this location is only saved for approximately 10 to 14 days before being recorded over.   Hence, any video footage of any visit by the Plaintiff in February of 2018 (as alleged in the Complaint) would have been recorded over before the Complaint in this action was first served on any of the Defendants (Horizon Investment Group, Inc. was never served with the Complaint before filing its Answer, and defendants Best California Gas, Ltd. and Platinum Springs, LLC were not served until late March).

The parties do not see any other issues regarding electronically stored information in this case. The parties agree that documents maintained in electronic format may be produced in hard copy format.

**D.   Privilege Issues**

The parties do not see any issues regarding privilege in this case at this time.

**E.   Changes to Discovery Rules**

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: Defendants do not object to Plaintiff's request.

**F.   Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure.  The parties propose the following case management dates (all dates are jointly proposed except as otherwise indicated below):

| Matter | Date |
|---|---|
| Last day to Amend Pleadings or Add Parties | Plaintiff proposes 2/11/2019; Defendants propose 9/21/18 |
| Initial Expert Disclosure | Per FRCP 26(a)(2)(D) |
| Rebuttal Expert Disclosure | Per FRCP 26(a)(2)(D) |
| Discovery Cut Off Date (including experts) | Plaintiff proposes 5/13/2019; Defendants propose |

| | April 22, 2019 for non-expert discovery and 30 days after Rebuttal Expert Disclosure deadline for expert discovery. |
|---|---|
| Last day to conduct settlement conference | 5/27/2019 |
| Pretrial Conference | 7/29/2019 |
| Trial | 8/13/2019 |

## G.   Continuance of Scheduling Conference

Defendants' counsel has informed Plaintiff's counsel he has a previously planned vacation that will prevent him from attending the Scheduling Conference on June 19, 2018.  The parties plan to wait a few days after this Joint Report  is filed to see if the Honorable George Wu (like the Honorable Andrew MacKinnon [to whom this case was previously assigned] typically does) takes the Scheduling Conference off calendar upon a timely filing of the Joint Report.  If so, this issue is moot.  Otherwise, the parties anticipate filing a Stipulation and Proposed Order (to be prepared by Defendants' counsel) requesting a short continuance of the June 19, 2018 hearing date for the Scheduling Conference.

7

1    Dated: May 25, 2018                    CENTER FOR DISABILITY ACCESS

2

3

4                                           By:  /s/Dennis Price

5                                           Dennis Price

6                                           Attorney for Plaintiff

7

8

9    Dated: May 25, 2018                    HINSON GRAVELLE & ADAIR LLP

10

11

12                                          By:  /s/Douglas A. Gravelle
                                            Douglas A. Gravelle
13                                          Attorney for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>SIGNATURE ATTESTATION</u>**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: May 25, 2018                    CENTER FOR DISABILITY ACCESS



By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

Joint Report of Counsel                                   2:18-cv-01777-GW (FFMx)

**EXHIBIT A**

**PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES**

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | Plaintiff proposes 2/11/2019; Defendants propose 9/21/18 |
| Non-Expert Discovery Cut-Off | 15 | 4/22/2019 |
| Expert Discovery Cut-Off | 12 | Plaintiff proposes 5/13/2019; Defendants propose 30 days after the deadline for exchange of Rebuttal Expert information |
| Last Day to Conduct Settlement Proceedings | 10 | 5/27/2019 |
| Last Day for Law and Motion Hearings | 8 | 6/10/2019 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 7/29/2019 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 8/5/2019 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 8/9/2019 |
| Trial **(Tuesday at 9:00 a.m.)** | | 8/13/2019 |